IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:22-cv-02137-SKC-SBP

ERIC GUTMAN,
RYAN BOYLE,
ERIC SPIVACK,
KEITH NATHAN, and
KYLE JOHNSON, each individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

POINTSBET USA INC.,
POINTSBET NEW YORK LLC,
POINTSBET INDIANA LLC,
POINTSBET IOWA LLC,
POINTSBET MICHIGAN LLC,
POINTSBET NEW JERSEY LLC,
POINTSBET COLORADO LLC,
POINTSBET ILLINOIS LLC,
POINTSBET WEST VIRGINIA LLC,
POINTSBET VIRGINIA LLC, and
POINTSBET PENNSYLVANIA LLC,

    Defendants.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiffs' Objection (Dkt. 69) to the Recommendation (Dkt. 65) of Magistrate Judge Susan Prose that this Court (1) deny Plaintiffs' Rule 56(d) motion, (2) convert Defendants' motion to dismiss to a motion for summary judgment,

1

(3) grant summary judgment as to all class action claims, and (4) order Plaintiffs to show cause why their remaining individual claims should not be dismissed for lack of subject matter jurisdiction. For the reasons shared below, the Court OVERRULES Plaintiffs' Objection.

The Court AFFIRMS and ADOPTS the Recommendation insofar as this Court DENIES Plaintiffs' Motion Pursuant to Rule 56(d) (Dkt. 60), converts Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (MTD) (Dkt. 37) to a motion for summary judgment and GRANTS the motion for summary judgment as to all class claims. The Court DECLINES TO ADOPT the portion of the Recommendation proposing the issuance of an order to show cause to Plaintiffs regarding subject matter jurisdiction over the individual claims, and instead DISMISSES those claims, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

Judge Prose laid-out the facts and background in this case in appreciative detail in her Recommendation. The Court adopts her recitation of the facts and issues presented and does not repeat them here. *See* Dkt. 65, pp.2-10. But the Court will mention a few pertinent points for additional context related to this Order.

This action arises from Plaintiffs' claims that Defendants induced them to place sports bets with Defendants by publishing deceptive and fraudulent promotions promising "risk-free" betting. Dkt. 23, p.2. Plaintiffs allege an abundance (26) of state law claims under Colorado, New York, Illinois, Iowa, and Virginia laws. *Id.* at pp.2-

2

3. They bring these claims in federal court under 28 U.S.C. § 1332(d)(2) because they seek certification of a national class action along with five sub-classes. *Id.* at pp. 6, 36-42.

Defendants filed their MTD on March 3, 2023 (Dkt. 37). Plaintiffs then filed a Response (Dkt. 44), and Defendants filed a Reply (Dkt. 48).[1] Defendants also filed a Notice of Supplemental Authorities. Dkt. 56. On March 21, 2024, Judge Prose issued a Notice of Conversion to Summary Judgment. Dkt. 59. In it, she aptly noted the MTD "seeks dismissal in part on matters submitted outside the pleadings for which it is not plain that judicial notice is appropriate . . . ," and informed the parties she intended to convert the Rule 12(b)(6) portion of the MTD to a motion for summary judgment. *Id.* at p.2. Judge Prose further allowed the parties to submit additional materials responsive to those already submitted by Defendants, but she did not accept additional briefing. *Id.* On April 4, 2024, Plaintiffs filed additional affidavits in response to Judge Prose's Notice. Dkt. 61.

That same day, Plaintiffs also filed a Rule 56(d) Motion (Dkt. 60), to which Defendants filed a Response (Dkt. 63). Judge Prose issued her Recommendation on the MTD and the Rule 56(d) Motion before Plaintiff filed a reply brief. Dkt. 65; *see also* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). The thrust of the Recommendation

---

[1] Plaintiffs also filed an Objection to the MTD, making evidentiary objections to parts of the affidavit filed in support of that motion. Dkt. 43.

is Judge Prose's conclusion that Plaintiffs agreed to a Clickwrap Agreement that incorporated Defendants' Terms and Conditions, which included a class action waiver. *Id.* at pp.22-25.

## LEGAL STANDARDS

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see*

4

*also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

5

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiffs filed limited objections within the 14-day period. They did not object to all parts of the Recommendation, made general objections to other parts, and made specific objections to only a few parts. As a result, they have waived *de novo* review of those parts of the Recommendation to which they did not raise specific or any objections. *Thomas*, 474 U.S. at 148-53.

Plaintiffs' raise specific objections only to the recommendations that Defendants' MTD "be granted insofar as it seeks dismissal of Plaintiffs' class claims[,]" and "Plaintiffs be ordered to show cause why the remaining claims . . . should not be dismissed for lack of subject matter jurisdiction." Dkt. 69, p.3. Plaintiffs did not raise specific objections to the recommendations that their Rule 56(d) Motion be denied and that the MTD be converted to a motion for summary judgment. Finding "no clear error on the face of the record," the Court AFFIRMS and ADOPTS the latter two recommendations. *See* Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. The Court now addresses Plaintiffs' specific objections.

6

1. **Summary Judgment on the Class Claims**

    a. **Objection to Choice of Law**

As a preliminary matter, Plaintiffs argue Judge Prose erred by analyzing the enforceability of the Clickwrap Agreement under the substantive contract law of each state in which each Plaintiff (as putative subclass representatives) resides, rather than under Colorado law overall. For example, Judge Prose analyzed Colorado law on the interpretation of class action waivers to determine whether the waiver here should be enforced against Plaintiff Ryan Boyle (the proposed representative of Plaintiffs' putative Colorado subclass); New York law as concerns Plaintiff Eric Gutman (putative New York subclass representative); Illinois law as concerns Plaintiff Keith Nathan (putative Illinois subclass representative); Iowa law as concerns Plaintiff Kyle Johnson (putative Iowa subclass representative); and Virgina law as concerns Plaintiff Eric Spivack (putative Virgina subclass representative).

But Plaintiffs have waived this objection because they never argued choice of law, or the applicable law, before Judge Prose. *See* Dkt. 44, pp.23-28; *see also* Dkt. 65 (Recommendation) ("First, while neither party recognizes a possible choice of law issue in their briefing, or otherwise objects to a particular choice of law, the court briefly addresses which state's (or states') law applies. Here, both parties presume that the law applicable to the interpretation of the class action waivers is the law of the respective states in which the Plaintiffs registered their accounts with PointsBet."). Instead, Plaintiffs argued only generally and largely in various footnotes

7

that, "to the extent this Court determines that a contract existed . . . the law governing contract formation is substantively identical across the jurisdictions where Plaintiffs created their accounts." *Id.* at p.24, n.15; *see also id.* at p.24, n.16; p.25, n.17; p.28. Because Plaintiffs did not argue choice of law before Judge Prose and instead themselves assumed and vaguely cited cases from all (or nearly all) five states involved in this case, Judge Prose graciously did the parties' work for them and analyzed Plaintiffs' class action waivers in detail under the law of each of those states. Thus, Plaintiff's objection to Judge Prose's choice of law analyses and conclusions contradicts the arguments they made before her; and ultimately, the objection raises this argument for the first time. Plaintiffs have waived this objection, *see ClearOne*, 653 F.3d at 1185, and the Court OVERRULES it. Finding no clear error on the face of the record regarding Judge Prose's choice of law analyses or determinations, the Court AFFIRMS and ADOPTS this portion of the Recommendation.[2]

---

[2]Even considering Plaintiffs' argument *de novo*, the Court would still adopt this portion of the Recommendation. This is partly because the Terms and Conditions provide the agreements between the respective parties "are governed by the laws of the state in which your account was registered." Dkt. 37-1, ECF p.88, § 6.12.3. Further, Plaintiffs concede this objection has little significance because they previously argued "the law governing contract formation is substantively identical across the jurisdictions where Plaintiffs created their accounts, and the Terms and Conditions are substantively the same for each state." Dkt. 69, p.8. Under that logic, an analysis under any one of the states' laws would result in the same outcome.

8

### b. Objection Re: Enforceability of the Class Action Waivers

Plaintiffs argue Judge Prose erred by finding they agreed to the class action waiver by consenting to the Clickwrap Agreement. They also argue she erred by allegedly ignoring Plaintiffs' argument that the Terms and Conditions, including the class action waivers, are "unenforceable as ambiguous, illusory, unlawful, and unconscionable." *See* Dkt. 69, p.5.

In her Recommendation, Judge Prose found it undisputed that when Plaintiffs each created their respective PointsBet accounts, they were required to acknowledge (via check-boxes) their assent to a statement that they "accept [PointsBet] Terms and Conditions." Dkt. 65, p.22. The Terms and Conditions included the following class action waiver: "By opening an Account on PointsBet, you consent to . . . a waiver of class action rights to resolve any disputes arising out of use of the Service, where applicable by law." *Id.* at pp.22-23. Plaintiffs were presented with a link to the Terms and Conditions in a Click-Wrap Webpage when creating their accounts. *Id.* at p.23. Judge Prose found "[t]here is no question that checking the box and proceeding to open the account constitutes acceptance of the contract[,]" and therefore, "there is no genuine dispute of material fact with respect to the conclusion that Plaintiffs formed valid, enforceable contracts with PointsBet when they created their accounts, and that by virtue of their express incorporation by reference through the hyperlink in the Click-Wrap Webpage, the Terms and Conditions are part of those contracts." *Id.* at pp.23, 25. She also found the class action waivers in these contracts unambiguous.

9

And after her thorough analysis of applicable Colorado, New York, Illinois, Iowa, and Virginia precedent, and the undisputed factual record, she found "no reason under [the applicable states'] law to decline to enforce the class action waiver" against each Plaintiff. *Id.* at pp.27-30; *see also id.* at pp.32-33.

Plaintiffs argue Judge Prose erred by not finding their assent to the Terms and Conditions a nullity because the Terms and Conditions or class action waivers are unenforceable as ambiguous, illusory, unlawful, and unconscionable. But the objection argues ambiguity only in perfunctory fashion. So the Court need not entertain that woefully underdeveloped argument. The objection does argue with greater specificity that Plaintiffs could not have agreed to the Terms and Conditions because it was illusory and unenforceable, and that the class action waivers are unconscionable. But even still, their objection does not identify or explain which terms or conditions are illusory or unenforceable to make the Plaintiffs' contracts void *ab initio*, other than citing 14 pages of their Response to the MTD. *See* Dkt. 69, pp.6-7. Such argument is insufficient. *See One Parcel*, 73 F.3d at 1059.

To be sure, even when the Court reviews those 14 pages, Plaintiffs' arguments remain unsupported. For example, Plaintiffs argue in their Response that the contract was illusory because Defendants reserved the right to amend the contract at Defendants' discretion. Dkt. 44, pp.27-28. Yet Plaintiffs cite inapposite cases that limit their discussion of illusory terms of a contract to arbitration clauses rather than to the enforceability of the entire contract. *See, e.g., Grosvenor v. Qwest Corp.*, 854 F.

10

Supp. 2d 1021, 1033 (D. Colo. 2012) (specifically noting that neither *Grosvenor* nor *Dumais v. American Golf Corp.*, 299 F.3d 1216 (10th 2002), addressed illusory contracts as a whole but rather illusory arbitration clauses). Further, Section 6.12.4 of the Terms and Conditions provides, "To the extent that any provision in these Terms and Conditions is illegal or unenforceable, it is severed without affecting the validity or enforceability of the remaining Terms and Conditions." Dkt. 37-1, ECF p.88, § 6.12.4. Even if the Court were to find that some other portion of the Terms and Conditions were illusory or otherwise unenforceable, this severability clause disallows voiding the entire contract. *See* Black's Law Dictionary (12th ed. 2024) (severable contract is "[a] contract that includes two or more promises each of which can be enforced separately, so that failure to perform one of the promises does not necessarily put the promisor in breach of the entire contract."); *see also CapitalValue Advisors, LLC v. K2d, Inc.*, 321 P.3d 602, 608-09 (Colo. App. 2013) (in severable contract, illegal provision does not void entire contract). Plaintiffs have failed to persuade this Court that one or more Terms or Conditions are illusory or unconscionable to void the unambiguous contracts or class action waivers entirely.

Plaintiffs also argue Judge Prose erred by not finding the Terms and Conditions or the class action waivers unconscionable. This Court disagrees upon its *de novo* review. This is partly because no litigant has a substantive right to proceed as a class. *Bonanno v. Quizno's Franchise Co., LLC*, No. 06-cv-02358-CMA-KLM, 2009 WL 1068744, at *11 (D. Colo. Apr. 20, 2009) ("[T]he history and evolution of

11

class action litigation demonstrates that class certification is a procedural mechanism, not a substantive right. As such, this Court believes that a lesser level of scrutiny is applicable to an agreement by a party not to proceed as a class, as compared to the level of scrutiny that the Court would apply to a similar agreement purporting to waive a substantive right, such as the constitutional right to a jury trial."). The Court does not find it unconscionable for a party to agree to waive a procedural tool, such as that afforded by Fed. R. Civ. P. 23, versus a substantive right. *Id.* at *11-12 (discussing class actions remain a procedural tool not a substantive right).

Further, while Plaintiffs argue the class action waiver is "unreasonable and substantively unfair," they continue to ignore the material facts demonstrating they were required to, and did, acknowledge (via check-boxes) their assent to the PointsBet Terms and Conditions and its class action waiver when they created their accounts with PointsBet. There is no evidence Plaintiffs were not presented with the means to access the Terms and Conditions when creating their accounts; nor do they deny having checked the applicable boxes acknowledging their assent to the Terms and Conditions, or having subsequently proceeded to open and use their PointsBet accounts. And the Court finds nothing substantively unfair about the Terms and Conditions or the content of the class action waivers, which again, waive only a procedural tool. It is Plaintiffs' burden to establish unconscionability, and they have failed to meet that burden for the reasons discussed. *See, e.g., Bonanno*, 2009 WL

12

1068744, at *23 (class action waiver in standard form contract not unconscionable under Colorado law where plaintiffs had opportunity to review contract despite class action waiver appearing in the middle of a paragraph at end of 40-page document and despite power imbalance between parties); *Guan v. Uber Techs., Inc.*, 236 F. Supp. 3d 711, 733 (E.D.N.Y. 2017) (applying New York law); *Niiranen v. Carrier One*, Inc., No. 20-cv-06781, 2022 WL 103722, at *8 (N.D. Ill. Jan. 11, 2022) (applying Illinois law); *Casey v. Merck & Co., Inc.*, 722 S.E.2d 842, 846 (Va. 2012) ("Virginia jurisprudence does not recognize class actions."); *Bartlett Grain Co., LP v. Sheeder*, 829 N.W.2d 18, 27 (Iowa 2013) (utilizing similar factors to Colorado to determine unconscionability and noting the doctrine does not exist to rescue parties from bad bargains).[3] The Court therefore OVERRULES this objection.

### 2. Objection to OSC Recommendation

Because Plaintiffs' only stated basis for subject matter jurisdiction in this case is the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and because Judge Prose recommended granting Defendants summary judgment on Plaintiffs' class

---

[3] Plaintiffs agreed with the Recommendation that arguments raised in footnotes in a perfunctory way are waived, which is how they raised their unconscionability argument. Dkt. 69, p.9. The Recommendation ultimately found that they waived their argument on this aspect. Dkt. 65, p.25, n.9. Although Plaintiffs said they did not raise unconscionability with greater force at the time because an unconscionability analysis is a mixed question of fact and law, Judge Prose's Notice (Dkt. 59) afforded them the opportunity to submit any relevant evidence they desired the Court to consider when analyzing the MTD under the summary judgment standard. Plaintiffs did so. Dkt. 61. And the undersigned considered all of Plaintiffs' submitted evidence when reviewing this particular objection *de novo*.

13

action claims, Judge Prose observed that Plaintiffs do not allege diversity jurisdiction otherwise exists and they have not brought any claims under federal law. For these reasons she recommends that Plaintiffs be ordered to show cause why the Court should not dismiss the remaining individual claims for lack of subject matter jurisdiction under Rule 12(h)(3).

Plaintiffs have objected to this recommendation. In doing so, they have neither denied that the only basis for this Court's jurisdiction is CAFA, offered arguments as to why the Court should retain jurisdiction in the absence of their class action claims, nor argued some other independent basis for this Court's subject matter jurisdiction. They have only rehashed their arguments that the class action waivers are unenforceable against them. The Court has already rejected those arguments.

The Court has reviewed this particular recommendation *de novo*. Although the Court OVERRULES Plaintiffs' objection, the Court declines to follow this recommendation by issuing an order to show cause. Instead, the Court dismisses the individual claims, without prejudice, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). *Cf. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (federal courts do not have independent jurisdiction over state law claims unless those claims "turn on some substantial questions of federal law").

\*   \*   \*

For the reasons shared above, the Court OVERRULES Plaintiffs Objections to the Recommendation. The Court AFFIRMS and ADOPTS the Recommendation, as amended above, and ORDERS:

1. Plaintiffs' Rule 56(d) Motion is DENIED;

2. Defendants' MTD is CONVERTED to a motion for summary judgment and their Motion for Summary Judgment is GRANTED on all class action claims; and

3. Plaintiff's remaining individual claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction under Rule 12(h)(3).

The Clerk of the Court is FURTHER ORDERED to enter judgment for Defendants on Plaintiffs' class action claims, and to terminate this action.

DATED: August 21, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge